**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| ABRAHAM HERRERA HERRERA,<br><br>        Plaintiff,<br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner, Social Security<br>Administration,<br><br>        Defendant. | No. CV 09-03394 CW<br><br>DECISION AND ORDER |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned Magistrate Judge. Plaintiff seeks review of the Commissioner's denial of disability benefits. As discussed below, the court finds that the Commissioner's decision should be reversed and this matter remanded for further proceedings.

### I. BACKGROUND

Plaintiff Abraham Herrera was born on March 10, 1956, and was fifty-one years old at the time of his administrative hearing. [Administrative Record ("AR")15, 21.] He has a twelfth grade education and past relevant work as a construction worker/drywaller.

[AR 12.]  Plaintiff alleges disability owing to coronary artery disease with fiber mass and obesity. [AR 12.]

## II.  PROCEEDINGS IN THIS COURT

Plaintiff's complaint was filed on May 13, 2009.  On January 20, 2010, defendant filed an Answer and plaintiff's Administrative Record ("AR").  On January 19, 2010, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party.  This matter has been taken under submission without oral argument.

## III.  PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") on March 7, 2006, alleging disability since February 1, 2003.  [JS 1-2.]  After the application was denied initially and upon reconsideration, plaintiff requested an administrative hearing, which was held on August 27, 2007, before an Administrative Law Judge ("ALJ").  [AR 16.]  Plaintiff appeared with counsel, and testimony was taken from plaintiff and a medical expert. [Transcript, AR 23.] The ALJ denied benefits in a decision dated October 18, 2007.  [Decision, AR 16.]  When the Appeals Council denied review on April 16, 2009, the ALJ's decision became the Commissioner's final decision.  [AR 1.]

## IV.  STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence.  However, if the court determines that a finding is based on legal error or is not

1  supported by substantial evidence in the record, the court may reject
2  the finding and set aside the decision to deny benefits.  See Aukland
3  v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v.
4  Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240
5  F.3d 1157, 1162 (9th Cir.  2001); Tackett v. Apfel, 180 F.3d 1094,
6  1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir.
7  1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada
8  v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

9       "Substantial evidence is more than a scintilla, but less than a
10 preponderance."  Reddick, 157 F.3d at 720.  It is "relevant evidence
11 which a reasonable person might accept as adequate to support a
12 conclusion."  Id.  To determine whether substantial evidence supports
13 a finding, a court must review the administrative record as a whole,
14 "weighing both the evidence that supports and the evidence that
15 detracts from the Commissioner's conclusion."  Id.  "If the evidence
16 can reasonably support either affirming or reversing," the reviewing
17 court "may not substitute its judgment" for that of the Commissioner.
18 Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

**V.  DISCUSSION**

**A.   THE FIVE-STEP EVALUATION**

21    To be eligible for disability benefits a claimant must
22 demonstrate a medically determinable impairment which prevents the
23 claimant from engaging in substantial gainful activity and which is
24 expected to result in death or to last for a continuous period of at
25 least twelve months.  Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at
26 721; 42 U.S.C. § 423(d)(1)(A).

27    Disability claims are evaluated using a five-step test:
28       Step one: Is the claimant engaging in substantial

>gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920. If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps. Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel. Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288. If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[1], age,

---

[1] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989). Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155

4

education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

**B.   THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, the ALJ found that plaintiff had not engaged in substantial gainful activity since February 1, 2003 (step one); that plaintiff had "severe" impairments, namely coronary artery disease with fiber mass and obesity (step two); and that plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 12-13.] The ALJ found plaintiff had an RFC "to perform the full range of medium work," which would preclude his past relevant work (step four). [AR 13, 15.] Based on application of Rule 203.19 of the Medical-Vocational Guidelines, it was determined that plaintiff could perform work existing in significant numbers in the national economy (step 5). [AR 15-16.] Accordingly, plaintiff was found not "disabled" as defined by the Social Security Act. [AR 16.]

**C.   ISSUES IN DISPUTE**

The parties' Joint Stipulation identifies the following disputed issues:

1. Whether the ALJ provided legally sufficient reasons for finding Mr. Herrera not credible;
2. Whether the ALJ erred in his evaluation of Mr. Herrera's obesity;
3. Whether the ALJ relied on flawed medical expert testimony; and

---

n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

5

    4.    Whether the ALJ erred when he failed to obtain vocational expert testimony.

[JS 2.]

As discussed below, Issue One is dispositive.

### D. CREDIBILITY DETERMINATION

Plaintiff had surgery on October 31, 2005 to remove a 2cm long mobile mass in the left ventricle of his heart. [AR 125.] A preoperative transesophageal echocardiogram revealed the mass and mild to moderate aortic regurgitation and trace mitral regurgitation. [AR 135-6.] A postoperative transesophageal echocardiogram continued to demonstrate mild aortic regurgitation. [AR 133.] A chest x-ray from November 2, 2005 indicated that plaintiff had lower lobe atelectasis and a pleural effusion, and a repeat x-ray from November 5, 2005 found plaintiff had low lung volumes with likely bilateral pleural effusions. [AR 142-3.] Plaintiff was diagnosed with coronary artery disease with approximately 20 percent stenosis of the posterior descending artery and hypertension on discharge from the hospital. [AR 122.] On May 29, 2007, an electrocardiogram revealed abnormalities, finding a borderline first degree A-C block and left axis deviation indicating myocardial ischemia. [AR 171-2.] A chest x-ray from May 29, 2007 found mild cardiomegaly with atelectatic changes. [AR 170.] Dr. Fernando Aguirre reported crackles and labored breathing in his May 29, 2007 examination of plaintiff. [AR 165.] At this appointment plaintiff was measured at 67 inches and 280 pounds. [AR 164.] Dr. Aguirre reported plaintiff has difficulty breathing and audible wheezing at his examination on June 26, 2007. [AR 158.]

During his administrative hearing, plaintiff testified that he experienced shortness of breath, numbness in his hands, ankle

swelling, and weight gain that he believed to be attributable to the medications he was currently taking. [AR 25, 29, 28.] Plaintiff also testified to problems standing for more than ten minutes and with sitting for more than thirty minutes. [AR 30.]  He reported in the Exertional Daily Activities Questionnaire that he felt tired, had difficulty sleeping, and could not work due to constant fatigue. [AR 77, 79, 81.]

In the administrative opinion, the ALJ set out the factors that "must [be] consider[ed] in addition to the objective medical evidence when assessing the credibility of the claimant's statements," including daily activities; the location, duration, frequency, and intensity of the claimant's pain or other symptoms; factors that precipitate and aggravate the symptoms; medication side effects; treatment; other measures used to relieve pain; and other factors concerning plaintiff's functional limitations due to pain. [AR 14.] The ALJ then discounted Plaintiff's subjective symptom testimony, finding that the objective medical evidence did not "support the severity of restrictions alleged" and that plaintiff's limitations were the result of lifestyle choices [AR 14-15.]

In general, questions of credibility and resolution of conflicts in the testimony are functions solely for the ALJ. Parra v. Astrue, 481 F.3d 742, 750 (9th Cir. 2007) (citing Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982)).  To determine whether a claimant's subjective symptom testimony is credible, the ALJ must engage in a two-step analysis. Lingenfelter v. Astrue, 504 F.3d 1038, 1036 (9th Cir. 2007).  First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other

symptoms alleged." Id. (quoting Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991)). Second, if the claimant meets this first test, and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." Lingenfelter, 504 F.3d at 1036 (quoting Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996)); see also Parra, 481 F.3d at 750; Holohan v. Massanari, 246 F.3d 1195, 1208 (9th Cir. 2001). An ALJ must "specifically identify" the testimony found not credible, the ALJ must "explain what evidence undermines the testimony," and the evidence on which the ALJ relies must be "substantial." Parra, 481 F.3d at 750; Tonapetyan, 242 F.3d at 1148 ("The ALJ must give specific, convincing reasons for rejecting the claimant's subjective statements."); Light v. Social Security Admin., 119 F.3d 789, 792 (9th Cir. 1997).

In this case, the ALJ found that plaintiff had medically determinable impairments that could reasonably be expected to produce the alleged symptoms but did not provide specific, clear and convincing reasons to reject plaintiff's testimony.[2] It is well-settled in the Ninth Circuit that the ALJ must specifically identify the testimony found not credible and cite the evidence that undermines the testimony, which must be substantial. Parra, 481 F.3d at 750; Tonapetyan, 242 F.3d at 1148. In this case, the ALJ did not point to evidence that undermined plaintiff's testimony. The ALJ stated that

---

[2] To the extent that the ALJ did credit plaintiff's testimony, he determined plaintiff could not return to his old occupation, which is described as "very heavy" in the Dictionary of Occupational Titles. [AR 15.] However, the ALJ found that plaintiff could perform the full range of medium work. [AR 15-16.] In making this determination, the ALJ did not explain which portions of plaintiff's testimony he was crediting and utilizing in order to come to this determination concerning plaintiff's residual functioning capacity.

"[t]here [were] no laboratory or clinical findings to support the severity of the restrictions alleged." [AR 15.] However, a plaintiff's testimony may not be rejected "solely because it is not substantiated affirmatively by objective medical evidence." Robbins v. Social Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006). The ALJ also found the plaintiff not credible due to his ability to perform some housework. [AR 15.] However, the ability of a plaintiff to perform daily tasks does not necessarily detract from his credibility. Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2006); see also Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir. 1989) ("Evidence that a claimant can assist in housework is not determinative of disability.").

Additionally, the ALJ's finding that plaintiff's limitations are due to a lifestyle choice is not supported by clear, specific and convincing reasons. The ALJ's determination in this regard does not point to any supporting evidence in the record. [AR 15.] It also fails to address the evidence in the record to the contrary, such as plaintiff's work as a drywaller from 1975 to 2002. [AR 82, 88.] Accordingly, reversal of the Commissioner's decision is required. Moreover, because the ALJ has not provided specific and clear reasons for discounting plaintiff's testimony, it must be credited as a matter of law. Lester 81 F.3d at 834.

**E.  REMAND FOR FURTHER PROCEEDINGS**

The decision whether to remand for further proceedings is within the discretion of the district court. Harman v. Apfel, 211 F.3d 1172, 1175-1178 (9th Cir. 2000). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Harman, 211 F.3d at 1179 (decision whether to

remand for further proceedings turns upon their likely utility). However, where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. Id. Here, even crediting plaintiff's testimony as true, his entitlement to benefits is not clear from the existing record because Plaintiff's testimony does not establish specific functional limitations that would necessarily preclude him from work in the national economy, and there is no vocational expert opinion of disability corresponding to plaintiff's testimony. See Harman, 211 F.3d at 1180 (remanding for further proceedings in part because there was no testimony from the vocational expert that the limitations established by the record would render plaintiff unable to engage in any work).[3] Accordingly, remand for further proceedings is appropriate.

//
//
//
//
//
//
//

---

[3] Although the issue of credibility is dispositive in this case, the record also reflects issues with the completeness of the medical expert testimony. There was no testimony by the medical expert regarding plaintiff's functional limitations and the ALJ may need to develop the record more fully in this regard. Additionally, if it is determined that plaintiff suffers from nonexertional impairments, as appears likely in light of the current record, testimony from a vocational expert will be required on remand. Aukland 257 F.3d at 1035; Tackett, 180 F.3d 1101.

10

**VI.  ORDERS**

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **REVERSED**.

2. This action is **REMANDED** to defendant, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further proceedings as discussed above.

3. The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED: May 24, 2010

_____
CARLA M. WOEHRLE
United States Magistrate Judge